IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ray Anthony Baylock | ) | |
| | ) | **20 CV 2279** |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | |
| ACIA TN AUTO LLC**.,** | ) | |
| | ) | |
| And or | ) | |
| ACIA AG AUTO LLC**.,** | ) | |
| | | |
| And/or | ) | |
| AutoCanda | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

NOW COMES the Plaintiff, Ray Anthony Baylock, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possesses and upon information and belief as to all other matters, pursuant to the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) brings this cause of action against Defendant ACIA TN AUTO LLC., And or ACIA AG AUTO LLC., And/or AutoCanda and in so doing states the following:

## **NATURE OF THE ACTION**

1.  Plaintiff alleges that he is owed substantial wages under the parties Illinois Wage Payment and Collection Act (IWPCA) for commissions earned but not paid by Defendant.

1

2. Plaintiff also alleges that his employment with Defendant was terminated in violation of the IWCPA, in that he was fired for asking for his earned IWPCA commissions.

## JURISDICTION AND VENUE

3. Plaintiff brings this case in this Federal Court of Law based on a claim of Diversity Jurisdiction. Plaintiff is resident of Illinois while Defendant resides in Canada.

4. Further, as Plaintiff was unemployed for some time, and is owed substantial wages, the amount at issue is in excess of $75,000.00.

5. The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391 and Defendant does business in this district.

## PARTIES

### A. Plaintiff

6. Ray Anthony Baylock (hereinafter "Plaintiff") is a resident of Illinois. Plaintiff worked as a Sales Manager for Defendant in the State of Illinois.

### B. Defendant Employer of Plaintiff

7. Plaintiff was formerly an employee of Grossinger City Auto Plex Group.

8. In early-mid 2018 the large automobile group of Grossinger was purchased Canada's largest auto group, AutoCanada for approximately 86 million dollars.

9. Plaintiff and most employees of Grossinger were transferred or hired by AutoCanada.

10. While Plaintiff believes he was employed by AutoCanda, the Plaintiff's personnel file, produced pursuant to an Illinois Personnel Records Act request, reflects that Plaintiff may have been employed by the other named Defendants: ACIA TN AUTO LLC., And or ACIA AG AUTO LLC, Plaintiff names each in the alternative.

11. However, it is also alleged that all three of these entities are all foreign corporations, thus each and all are proper Defendants in this diversity action.

## STATEMENT OF FACTS

### ---Owed Commissions---

12. Plaintiff was employed as a Sales Manager.

13. Plaintiff was paid, partly, as a salaried exempt employee.

14. However, Defendant offered Plaintiff an IWPCA Agreement.

15. Plaintiff was promised/offered and accepted that he is owed for sales he closed while performing as the interim "F&l manager".

16. Plaintiff was promised to be paid on these sales in addition to his guaranteed monthly pay.

17. Pursuant to the parties IWPCA agreement Plaintiff earned commissions, but was not paid his earned IWPCA commissions.

18. The promise/agreement for additional commissions was made in writing by Reena Spurrier, the VP of Financial Services.

19. The promise/agreement for added commissions was also confirmed by the General Manager, Mark Mizara.

### --STATEMENT OF FACTS--

## **IWPCA TERMINATION FOR PLAINTIFF'S**

## **DEMAND FOR OWED COMMISSIONS**

20. On 5/17/19 at approximately 12:45 pm, Tammy Darvish, Amy Sevcik, and David Downhour meet with Ray Baylock to discuss Plaintiff's commissions. Plaintiff stated that Defendant owed him for deals he closed while performing as the interim F&I manager at the City stores.

21. Plaintiff stated that he should be paid on these deals in addition to his guaranteed monthly pay.

22. Plaintiff explained that he had been offered and accepted additional work duties, and offered and accepted additional commissions based on that added work.

23. Plaintiff explained that he had been offered added commissions was made in writing by Reena Spurrier, the VP of Financial Services.

24. Plaintiff explained that the promise/agreement for added commissions was also confirmed by the General Manager, Mark Mizara.

25. Plaintiff showed those attending the meeting all the documented forms and the papers to support the IWPCA commissions owed to him.

26. When presented with the written proof for owed wages/commissions, Tammy Darvish attempted to alter the IWPCA Agreement by claiming (according to the Defendant's termination memo) "that as a GSM, it is expected for him to take on several roles including, but not limited to performing as an interim or back-up F&I manager. Although his support in this regard was appreciated, it does not justify additional pay

above and beyond his guaranteed monthly salary and it is the Company's position that he was paid in accordance with his existing pay plan."

27. However, this is not consistent with the Defendant's prior IWPCA Agreement, which was presented to Plaintiff by Defendant agents in writing and orally, but more than one agent, thus the termination memo statements were attempts to renege or revoke the prior agreed to IWPCA Agreement, made after that agreement was in place.

28. Next, because Plaintiff had demonstrated he was owed IWPCA commissions, Defendant agents began to spin their story to create a false reason(s) to fire Plaintiff.

29. The post-termination memo claimed the false reasons for termination.

30. While Defendant made excuses for Plaintiff's termination, the actual reason for the termination is clearly Plaintiff's demand for payment of owed commissions, and especially the desire of the employer to avoid paying those commissions.

### FIRST CLAIM FOR RELIEF
**Claims for wages and benefits due under the
Illinois Wage Payment and Collection Act
(IWPCA)**

31. Plaintiff realleges and incorporates by reference all the paragraphs in this complaint, as if fully set forth herein.

32. This cause of action arises out of IWPCA Agreements, written and oral.

33. Plaintiff worked for and was employed by Defendants.

34. Plaintiff worked for Defendants for several years.

35. Defendants failed to pay any owed IWPCA commissions as alleged in this complaint.

36. For public policy reasons, 'an employee shall receive all benefits upon leaving his/her employer'.

37. The Illinois Wage Act 820 ILCS 115/1 et seq., (West 2002), section 5, states: "Every Employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

38. Plaintiff was not an independent contractor, rather was an employee of the Defendants by oral IWPCA Agreement and/or written contract.

39. Plaintiff's employment was in the usual course of business for which such service is performed.

40. Plaintiff did not have a proprietary interest in the Defendant.

41. The Defendant is an "employer" under the terms of the IWPCA.


**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in their favor as follows:

  A. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

B. Liquidated damages in accordance with the IWPCA.

C. D. Consequential damages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month;

G. Issuance of a Declaratory Judgment that the practices complained of in this

Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

H.  Attorneys' fees in accordance with the IWPCA;

I.  and costs of this action;

J.  Such other relief as this Court shall deem just and proper

## SECOND CLAIM

### Individual Claims Against Defendant
### For Retaliatory termination in violation of the IWPCA

42. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

98. On 5/17/19 Plaintiff requested his earned and owed IWPCA commissions.

99. On that same day Plaintiff was terminated from his employment with Defendant for asking for the commissions which Plaintiff had earned and was owed.

100. Defendant had no other reason for the termination, as Plaintiff had been ably employed for months with Defendant without formal discipline.

101. Thus the Plaintiff's termination was clearly retaliatory and in retaliation for the Plaintiff's requests for commissions owed pursuant to the parties IWPCA agreements and/or to avoid future owed commissions.

102. The Defendant is an "employer" under the terms of the IWPCA section

### **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff respectfully prays that each Defendant be summoned to appear and answer herein; for orders as

follows:

(A) For an order of this Honorable Court entering judgment in Plaintiffs' favor against Defendant;

(B) That the Court award Plaintiff's actual economic damages in an amount to be determined at trial, (E)

(C) A declaratory judgment that Defendant's practices alleged herein violate the IWPCA ,

(D) Judgment for any and all civil penalties to which Plaintiff may be entitled;

(E) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(F) An order directing Defendant to pay prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(G) Such other and further relief as this Court may deem necessary, just and proper.

**Respectfully Submitted by  /S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675    Fax 630-206-0889**
**Attorneyireland@gmail.com**


**Dated: April 12, 2020**